# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 8, 1913.

MARGARET KANE
VS.
GEORGE HELLER.

*Wm. Colton* for plaintiff.
*J. Edw. Tyler, Jr.*, for defendant.

DAWKINS, J.—

The law under which this proceeding was instituted is found in Article 75, Section 138, Bagby's Code.

Section 138 provides in effect that when it is probable that the judgment debtor has *property* or *credits* which would be liable to attachment or execution and which the debtor is concealing or concealed or disposed of with intent to evade the effect of the judgment that the Court shall require the debtor to attend and be examined concerning the said property or credits.

Section 139 provides in effect that if it shall appear to the satisfaction of the Court that any person or corporation has property of the judgment debtor or be indebted to him in a sum of money, the judgment creditor shall be entitled to an order requiring such person or corporation to attend and be examined as in the preceding section.

Section 141 provided for relief to be granted to the judgment creditor by orders in the nature of an injunction, decree for specific performance, writ of mandamus or appointment of a receiver and the Court shall pass such orders as will subject such property or credits of the debtor to the operation and effect of the judgment.

I find in this case no property or credits that will fall within the description mentioned in section 138 unless it be the interest of George C. Heller, in the stock of the Blue Ribbon Laundry Company. It has not been shown that he has any other money or property of any kind whatsoever.

It has not been shown that he has any interest in the Blue Ribbon Laundry Company, except insofar as he may have any claim to the stock of the Company. There seems to have been issued thirty-one (31) shares of stock to George C. Heller for his interest in the business turned over to the corporation in accordance with the letter of himself and J. Charles Heller, the apparent owners of the then existing business on July 22, 1912, or August 13, 1912.

The mere docketing of a suit does not establish an existing debt, but fraud in parting with the property for the purpose of depriving a person with a claim of means of collecting it, if proven, should not prevail against the claim. A man if he owes nothing has a right to give his money and property to his wife or if he obtains money from her with the express promise to repay her, has a right to repay her if there is no fraud perpetrated upon other creditors. I am strongly of the opinion that this very adroit manipulation would never have taken place if this claim had not been asserted and this suit had not been docketed. As far back as 1903, however, as is evidenced by the deeds and mortgages, Elizabeth Heller had money, whether given to her by her husband or obtained from some other source. Once given to her, if he did do it, he had a right to regard it as a loan, when she gave it back, and to promise to return it to her.

It looks to me as if Elizabeth Heller was merely the custodian of a common fund, yet the story is so well told that I have no right not to believe it, even though I may be forced to believe that the concatenation of dates looks very much like this whole arrangement was made to avoid the consequences of this suit and that the Blue Ribbon Laundry Company would not have been born except for the injury to this girl.

Be all this as it may, we find that on August 16, 1912, a note was given for $3,600, and the thirty (30) shares of stock are mentioned as collateral security for the debts and that the face of the note recites that it was settled

by the transfer of the stock (thirty (30) shares of the capital stock of the Blue Ribbon Laundry Company) to George C. Heller and Elizabeth Heller. George C. Heller also seems to have endorsed the stock in blank and to have had a new certificate for thirty (30) shares issued on February 26, 1913, to himself and Elizabeth Heller, and one (1) share to the same parties on March 1, 1913, so that whether this transfer was complete or not, this Court can not see that there is any property or credits now in the name of or belonging to George C. Heller.

These petitions are usually, in common parlance, "gunning expeditions," so that except for the purpose of gaining information I can not see that they have any beneficial effect unless something is actually found in the name of or belonging to the judgment debtor, except to discover facts that might not otherwise become known.

If fraud is believed to exist another tribunal must declare void the conveyances fraudulently made. Surely this Court under this proceeding would have no such power without making the supposed fraudulent grantee a party to the proceedings and giving her a chance to be heard—in her own behalf. True it is in this case that the wife has testified though she is not a party to the proceeding, yet by testifying she has not put herself in such a position as would give this Court a right to adjudicate her rights.

However strongly I may feel, as I have already indicated, that this is a very evident attempt to evade the effect of this judgment, yet I am forced to the conclusion that I find no property subject to execution as is contemplated by the law.

If the petitioner wishes to have the stock which seems to have belonged to George C. Heller on August 16, 1912, or in February and March, 1913, protected from further transfer or manipulation until the right to transfer to George C. Heller and Elizabeth Heller as has been attempted to be done, is tested, I will grant the writ of injunction. If not, the petition will be dismissed.

The petitioner with the knowledge now in his possession can resort to such appropriate remedies as he may select to test the ownership of the stock.